UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

MARY GODWIN,                          CASE NO:  1:19-cv-24672-COOKE/GOODMAN

       Plaintiff,

v.

ROYAL CARIBBEAN CRUISE LTD.,
a Liberian Corporation,

       Defendant.

_____/

## DEFENDANT ROYAL CARIBBEAN CRUISE LTD.'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, ROYAL CARIBBEAN CRUISE, LTD., by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses to Plaintiff's Complaint dated November 12, 2019 and states as follows:*

1.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.     Admitted.

3.     It is admitted that the causes of action asserted herein arise under 28 U.S.C. § 1333 and the General Maritime Laws of the United States.

4.     It is admitted that this Court maintains personal jurisdiction.

5.     It is admitted that the venue is proper.

### FACTUAL BACKGROUND

6.     Admitted

7.     Admitted

8. Admitted

9. It is admitted that Defendant offered a competent medical facility aboard the vessel that was staffed with personnel capable of making sound medical decisions.

10. It is admitted that Defendant staffed the ship's medical center with licensed physicians and nurses and that its shipboard medical facility was equipped to meet or exceed guidelines established by the American College of Emergency Physicians Cruise Ship & Maritime Medicine Section.

11. It is admitted that Defendant charges passengers for medical services provided aboard the vessel, and that the medical staff has a duty to provide competent medical care.

12. It is admitted that Defendant owned and maintained the medical center aboard the Brilliance of the Seas, that it maintains a medical operations division in Miami who assist the ship's medical staff in coordinating logistics in the event of a medical emergency at sea.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Admitted.

21. Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Denied as written.   Defendant defers to the professional judgment of its ship physicians to determine the appropriate medical management of patients in the ships medical centers.

25.     Denied.

26.     Denied.

27.     Admitted.

28.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Denied.

30.     Denied.

31.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

24897241.v1

## COUNT I – NEGLIGENCE

39.	Denied.

40.	It is admitted that Defendant owed a duty to act reasonably under the circumstances.

41.	Denied, including all subparts.

42.	Denied.

43.	Denied.

## COUNT II – NEGLIGENCE OF NON-MEDICAL PERSONNEL

44.	Denied

45.	It is admitted that Defendant owed a duty to act reasonably under the circumstances.

46.	Denied, including all subparts.

47.	Denied.

48.	Denied.

## COUNT III- NEGLIGENCE OF MEDICAL PERSONNEL-ACTUAL AGENCY

49.	It is admitted that the physicians and nurses working in the medical center aboard the Brilliance of the Seas were employees.

50.	It is admitted that the physicians and nurses working in the medical center aboard the Brilliance of the Seas were employees.

51.	It is admitted that the physicians and nurses working in the medical center aboard the Brilliance of the Seas were employees.

52.	It is admitted that Defendant owes a duty to act reasonably and exercise reasonable care under the circumstances.

53.	Denied, including all subparts.

54.	Denied.

24897241.v1

55.     Denied.

## COUNT IV –NEGLIGENCE OF MEDICAL PERSONNEL-APPARENT AGENCY

56.     It is admitted that the physicians and nurses working in the medical center aboard the Brilliance of the Seas were employees.

57.     It is admitted that the physicians and nurses working in the medical center aboard the Brilliance of the Seas were employees.

58.     It is admitted that the physicians and nurses working in the medical center aboard the Brilliance of the Seas were employees.

59.     Defendant is without sufficient knowledge or information needed in order to admit or deny the allegations contained in Paragraph 59 of the Plaintiff's Complaint.

60.     It is admitted that Defendant owed a duty to act reasonably under the circumstances.

61.     Denied, including all subparts.

62.     Denied.

63.     Denied.

* Any allegations not specifically admitted to herein are hereby denied.

## AFFIRMATIVE DEFENSES

In Answering further, Defendant would also affirmatively state as follows: \

A.     This action is governed by and subject to the terms, limitations and conditions contained within the Plaintiff's Passenger Ticket Contract attached as Ex. A to Plaintiff's Complaint.

B.     Defendant fully discharged its duty to act reasonably under the circumstances in that it adhered to the guidelines for onboard medical facilities recommended by the American

24897241.v1

College of Emergency Physicians.  Furthermore, Plaintiff was provided access to a licensed physician aboard the vessel who rendered reasonable medical care and appropriately counseled Plaintiff.

C.      Plaintiff's damages were caused or exacerbated as a result of intervening and superseding factors that are independent of any fault of Defendant and which were not reasonably foreseeable to it.

D.      Plaintiff did not exercise ordinary care, caution, or prudence for her own welfare to avoid the happening of the alleged incident, injuries or damages, if any, the existence of which Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

E.      Plaintiff has a duty to mitigate the losses or damages claimed against Defendant by taking advantage of any reasonable opportunity that might exist under the circumstances to reduce or minimize the loss or damage.

F.      Plaintiff's claims are governed by maritime law and any recovery is limited to same.

G.      This Defendant is entitled to a set-off for all sums paid or payable by collateral sources.

H.      Plaintiff was herself negligent and therefore Plaintiff is either barred from recovery or the damages in this case must be apportioned and reduced in proportion to the share of negligence attributable to the Plaintiff.

24897241.v1

I.      Plaintiff failed to seek timely medical treatment for her condition which caused and/or exacerbated her damages and/or failed to follow up, participate in, or attend subsequent medical care and treatment which has delayed/negatively affected her recovery.

J.      This action is barred in whole or in part by the applicable statute of limitations.

K.      As to any alleged medical expenses that were contractually reduced, Plaintiff should only be permitted to introduce evidence showing the actual costs of the medical bills and not the unreduced amount.

L.      Defendant has not specifically or intentionally waived any affirmative defenses and specifically reserves the right to allege additional affirmative defenses as they may present themselves in response to information that becomes available through discovery in the future.

## JURY DEMAND

Defendant ROYAL CARIBBEAN CRUISE, LTD, hereby demands a trial by jury of all issues so triable as of right by jury.

Respectfully submitted,

s/ Michael J. Drahos
GOLDBERG SEGALLA, LLP
Michael J. Drahos, Esquire
Florida Bar No. 0617059
222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
Telephone: (561) 618-4450
Fax: (561) 618-4549
Email designations:
mdrahos@goldbergsegalla.com
lparker@goldbergsegalla.com

24897241.v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on  December 16, 2019, the foregoing document was electronically filed with the Clerk of the /court using CM/ECF to the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Michael J. Drahos*
Michael J. Drahos

24897241.v1

SERVICE LIST

1:19-cv-24672-COOKE/GOODMAN

Thomas Scolaro, Esquire
Thomas Graham, Esquire
Leesfield Scolaro, P.A.
2350 South Dixie Highway
Miami, FL 33133
(305) 373-2101
(305) 373-2103 FAX
scolaro@leesfield.com
graham@leesfield.com
leon@leesfield.com

24897241.v1